IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 14-907-GMS |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

The plaintiff, Otis Michael Bridgeforth ("Bridgeforth"), filed this lawsuit alleging violations of the Administrative Procedures Act ("APA") and violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

Bridgeforth alleges that on March 17, 2014, he was diagnosed by a "government certified medical expert" with physical restrictions affecting his employment. Bridgeforth alleges that the defendants, in their individual and official capacities, after March 17, 2014, acted together to

---

[1] The claims are actually *Bivens* claims, given that none of the defendants are state actors. A claim against a federal defendant is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers. To state a claim under *Bivens*, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney v. Nat'l Org. For Women*, 681 F. Supp. 129, 132 (D. Conn. 1987) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)).

discriminate against him based upon his race, religion, gender, sex, and color when they agreed to not properly review his "original social security denial of 2012 which was unmerited and unconstitutional." (D.I. 2 at 5.) Bridgeforth further alleges the defendants, through due process and negligence, failed to consider the administrative appeal denial. Bridgeforth states that it has been two years since his original application and five months since he had a hearing before the administrative law judge ("ALJ") in Dover, Delaware. Bridgeforth telephone on July 10, 2014 to inquire about a decision and was told that, at that time, a decision had not been rendered. Bridgeforth seeks ten million dollars in damages and the removal of the ALJ from the case.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080,

2

1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bridgeforth leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

## III. DISCUSSION

### A. Administrative Procedures Act

Bridgeforth alleges that there has been an undue delay in the resolution of his social security case. He seeks removal of the ALJ and compensatory damages. The APA provides relief where a government agency unlawfully withholds or unreasonably delays an action. *See* 5 U.S.C. § 706(1). However, the only relief available is declaratory or injunctive. *Abulkhair v. President of United States,* 494 F. App'x 226, 230 (3d Cir. 2012) (unpublished). For example, the APA authorizes a court to compel the agency to take action on an individual's application. *Id.* (citing 5 U.S.C. § 551(11)(C)).

In seeking relief under the APA, a plaintiff should name the requisite agency official at the Social Security Administration. *See Khalil v. Napolitano*, 983 F. Supp. 2d 484, 490 (D.N.J. 2013). Bridgeforth has appropriately named Carolyn W. Colvin, the Acting Commissioner of the Social Security Administration, in her official capacity, under the APA claim. However, the APA claim against Colvin in her individual capacity and the other named defendants are not proper parties to the APA claim. Therefore, they will be dismissed as defendants.

Bridgeforth will be allowed to proceed against Colvin on the APA claim. As noted, only injunctive relief is available as a remedy.

### B. Constitutional Claims

With regard to the discrimination claim, Bridgeforth included no allegations in his complaint from which discrimination can be inferred. He alleges in a conclusory manner that the defendants discriminated against him on the basis of race, religions, gender, sex and color. A

4

well-pleaded complaint must contain more than "'labels or conclusions.'" *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)

With regard to the due process claim, where a government official or agency engages in undue delay for improper reasons, and thereby deprives plaintiff of some constitutionally protected interest, such delay may raise due process concerns. *Breyer v. Meissner*, 23 F. Supp. 2d 540, 546 (E.D. Pa. 1998). In addition, when assessing claims of administrative delay (in the context of mandamus), the District of Columbia Circuit has suggested that due process concerns may be implicated. *See Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("Many of the same considerations that impel judicial protection of the right to a 'speedy trial' in criminal cases or implementation of civil decrees with all deliberate speed are not inapposite in agency deliberations," which may similarly deprive persons "of rights and economic opportunities without the due process the Constitution requires.").

The court construes the due process claim as one under *Bivens*. However, vicarious liability does not apply to *Bivens* suits, so a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here, Bridgeforth failed to plead sufficient facts to support his claim that the defendants violated his constitutional rights under the Due Process Clause. He alleges in a conclusory manner that the defendants agreed not to process his original social security with no facts supporting a claim that any individual defendant intentionally delayed the processing of claim. Bridgeforth must plead that each defendant had personal involvement in the alleged constitutional violation. This he has failed to do.

Finally, the complaint includes three defendants who are not proper defendants in this action: the Social Security ODR Office administrative staff, the Social Security administrative staff, and the Office of Disability Adjudication and Review Division of Quality Service. These entities, as agencies of the United States, are not "persons" under *Bivens*. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the federal government is not supported by the logic of *Bivens* itself."); *Albert v. Yost*, 431 F. App'x 76, 81 (3d Cir. 2011) (unpublished) ("A *Bivens* claim can be maintained only against individual federal officers, not against a federal entity.") (citation omitted).

Accordingly, the court will dismiss the constitutional claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). However, since it appears plausible that Bridgeforth may be able to articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV. CONCLUSION

For the above reasons, Bridgeforth may proceed on the APA claim raised against Colvin in her official capacity. All other claims and defendants are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bridgeforth will be given leave to amend the constitutional claims.

An appropriate order will be entered.

_Sept. 23_, 2014
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

6